NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STACEY M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, P.M., A.M., H.M., *Appellees*.

No. 1 CA-JV 16-0027
FILED 7-5-2016

Appeal from the Superior Court in Maricopa County
No. JD28159
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Denise L. Carroll, Esq., Scottsdale
By Denise L. Carroll
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**N O R R I S**, Judge:

**¶1**        Stacey M. appeals the juvenile court's order terminating her parental rights to her children, P.M., A.M., and H.M., under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(8)(c) (Supp. 2015) (15 months or longer out-of-home placement).

**¶2**        Stacey first argues the superior court violated her due process rights in finding she failed to appear at the initial termination hearing without good cause.  Based on our review of the record, the juvenile court did not abuse its discretion in making this finding.  *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15, 158 P.3d 225, 231 (App. 2007).

**¶3**        After Stacey failed to appear at the first initial termination hearing set for August 20, 2015 ("August hearing"), the juvenile court continued the hearing to September 11, 2015 ("September hearing"), but did not find that Stacey had yet waived her rights.  When she did not appear at the September hearing, the juvenile court found, under Arizona Rule of Procedure for the Juvenile Court 65(C)(6)(c),[1] that she had failed to appear without good cause, "service [was] complete," she had been "provided with notice of [the] hearing," and a Form III (Notice to Parent in a Termination Action), which "advised [her] of the consequences of failing to appear."  Thus, as authorized by Rule 65(C)(6)(c), the juvenile court found Stacey had waived her right to contest the allegations in the motion and admitted those allegations. The court continued the hearing to November 10, 2015 ("November hearing").

---

[1]"If the parent . . . fails to appear at the initial termination hearing without good cause shown and the court finds the parent . . . had notice of the hearing, was properly served . . . and had been previously admonished regarding the consequences of failure to appear, . . . that failure to appear may constitute a waiver of rights and an admission to the allegations contained in the termination motion . . . ."; *see also* A.R.S. § 8-537(C) (2014).

¶4          At the November hearing, Stacey argued through counsel that she had not actually missed the August hearing, but had been waiting outside the courtroom to be called for the hearing. Stacey, however, did not present any evidence corroborating this assertion. She also admitted she had failed to attend the September hearing because she had "overslept," explaining she was working double shifts. Notably, she did not assert she did not know the date and time of the September hearing. The juvenile court found that while Stacey had "been working very hard, that [did] not present good cause for [her] previous failure to appear." On this record, we cannot say the juvenile court's exercise of its discretion was "manifestly unreasonable." *See Adrian E.*, 215 Ariz. at 101, ¶ 15, 158 P.3d at 230 (quotations and citation omitted).

¶5          Nevertheless, Stacey argues the juvenile court violated her due process rights when it then proceeded with a "default." It did not, however, proceed with a default, but rather found Stacey had waived her rights to contest the allegations in the motion. *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 14, 173 P.3d 463, 468 (App. 2007) (juvenile courts should not use "default" terminology when a parent fails to appear, but should consider "whether the parent can show 'good cause' . . . and whether, under the circumstances, such failure should constitute a 'waiver of rights'"). Further, Stacey was present at the November hearing, and her counsel cross-examined the DCS case manager about the services provided to Stacey and the children's placement.[2] Thus, the juvenile court did not violate Stacey's due process rights by proceeding with the termination hearing.

¶6          Stacey also argues DCS failed to provide substantial evidence it had provided reunification services to her and that is why she had been unable to remedy the circumstances that caused her children to be in an out-of-home placement. The record does not support this argument, however. *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 81-82, ¶ 13, 107 P.3d 923, 927-28 (App. 2005) ("we look only to determine whether there was substantial evidence to sustain" the juvenile court's findings, and "we

---

[2]In its answering brief, DCS admitted the juvenile court should have allowed Stacey to testify about the children's best interests, but argued the error was harmless. Stacey, however, did challenge the court's best interests finding and did not submit a reply brief, waiving the issue. *State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989) ("[O]pening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised.").

view the evidence in the light most favorable to upholding" its ruling) (citation omitted).

**¶7**         DCS had the burden of proving, by clear and convincing evidence, the statutory grounds for terminating Stacey's parental rights. *See Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 12, 256 P.3d 628, 631 (App. 2011). Section 8-533(B)(8)(c) authorizes a court to terminate parental rights when a "child has been in an out-of-home placement" for 15 months or longer, "the parent has been unable to remedy the circumstances that cause the child to be in an out-of-home placement," and "there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the near future." Additionally, DCS must show it has "made a diligent effort to provide appropriate reunification services." A.R.S. § 8-533(B)(8). DCS, however, is not obliged to provide services that are futile. *See Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 350, ¶ 20, 312 P.3d 861, 866 (App. 2013).

**¶8**         Substantial evidence supports the juvenile court's finding that "[DCS had] made a diligent effort to provide appropriate reunification services." As confirmed by progress reports prepared by other case managers assigned to Stacey and her children, the DCS case manager testified that DCS had provided Stacey with "a psychological evaluation, domestic violence counseling, drug testing, dependency treatment court, parent aide, and individual counseling and transportation." Although the case manager acknowledged at the hearing that DCS had not provided Stacey visitation services between June 2015 and the November hearing, DCS had provided her with visitation from April 2014 to June 2015—when she stopped drug testing—about 14 months of visitation.

**¶9**         The evidence also showed Stacey had hampered DCS' ability to provide visitation services. For example, parent aide services had previously assisted in setting up visitation, but Stacey stopped being "compliant" with parent aide services in May 2015 and the services closed at the end of June. Stacey also moved several times, which required DCS "to rearrange service providers and transportation" and she tested positive for methamphetamine seven times in April through June of 2015. Given this evidence, DCS met its burden of proving it had made a diligent effort to provide appropriate reunification services to Stacey.

¶10     For the foregoing reasons, we affirm the juvenile court's order terminating Stacey's parental rights to P.M., A.M., and H.M.



Ruth A. Willingham · Clerk of the Court
FILED: AA